```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------
IRBE REDEREJA SIA,

                 Plaintiff,

        - against -

LAKTOPOL,

                 Defendant.
-----------------------------------

08 Civ. 7709 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

       In response to the Court's Order to Show Cause why the maritime attachment in this case should not be vacated and the case dismissed without prejudice pursuant to Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., No. 08 2477 Civ., 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009), and Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009), the plaintiff argues that Jaldhi and Hawknet were wrongly decided by the Court of Appeals for the Second Circuit.  However, those cases are binding precedent on this Court and this Court is bound to follow them.

       The plaintiff also argues that the defendant has conceded that the funds are the defendant's property because the defendant made a counter-security motion under Supplemental Rule E(7) and agreed to deposit the funds in the Court's registry. However, no alchemy by the parties transformed EFTs that do not provide quasi in rem jurisdiction over the defendant under Rule

B into a basis for this Court's jurisdiction over the defendant. In the cases the plaintiff cites for the proposition that the parties' agreement can provide the court with jurisdiction, there is no evidence that the defendants objected to jurisdiction or to the continuing restraint of the funds. See Americas Bulk Transp. Ltd. v. Lion Shipholdings, 07 Civ. 3818 (S.D.N.Y. Nov. 18, 2009); Europa Maritime v. Manganese Trans Atl. Corp., 08 Civ. 9523 (S.D.N.Y. Nov. 10, 2009).

In this case, the defendant has filed motions to dismiss for lack of jurisdiction and the plaintiff cites to no evidence that the defendant has agreed to jurisdiction over it or has agreed that the funds that were attached were properly attached. The funds were placed in the registry of the Court at the request of the garnishee UBS AG, with the consent of the plaintiff. UBS AG did not even know the defendant's position. (See letter dated Jan. 8, 2009, attached to Jan. 9, 2009 Order, Docket No. 27.) Moreover, the defendant's request for counter-security was a request in the alternative, if the Court did not dismiss this action.

Furthermore, the defendant in this case did not waive any personal jurisdiction defense by making an alternative counter-security motion or not previously raising an objection to the funds being placed in the Court Registry. In Hawknet, the Court

of Appeals found that because Jaldhi overruled Winter Storm Shipping, Ltd v. TPI, 310 F.3d 263 (2d Cir. 2002), defendants cannot be faulted for failing to raise, pre-Jaldhi, a jurisdictional defense to an attachment of EFTs in the face of Winter Storm's controlling precedent in this Circuit. As a result, the Court of Appeals held that the defendant in Hawknet did not waive a personal jurisdiction defense by failing to raise it at all in the district court below. Hawknet, 2009 WL 3790654, at *2.

Because the plaintiff sought to obtain personal jurisdiction over the defendant through the Rule B attachment, and because that attachment is no longer valid under Second Circuit law, there is no basis for jurisdiction over the defendant.

For the reasons stated above, the attachment is vacated and any funds on deposit in the registry of the Court are to be returned. The Clerk is directed to **vacate** the attachment, to **dismiss** the Complaint **without prejudice,** and to close this case. SO ORDERED.

Dated:  New York, New York
        December 9, 2009

John G. Koeltl
United States District Judge